UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1535 JVS(JDEx) | Date | June 7, 2018 |
| Title | Carmen Bevia v. Select Portfolio Servicing, Inc., et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**   <u>Order **DENYING** Defendant's Motion to Dismiss Second Amended Complaint</u>

   Defendant Select Portfolio Servicing, Inc. ("SPS") filed a motion to dismiss Plaintiff Carmen Bevia's ("Bevia") Second Amended Complaint ("SAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot., Docket No. 55.) Bevia opposed the motion. (Opp'n., Docket No. 59.) SPS replied. (Reply, Docket No. 60.)

   For the following reasons, the Court **denies** SPS's motion to dismiss.

## I. BACKGROUND

   In 2007, Bevia entered into a written loan agreement and obtained a $2,025,000.00 loan, secured by the property located at 31403 Ocean View Street, Laguna Beach, CA 92651 (the "subject property"). (SAC, Docket No. 54 ¶¶ 1, 20.)  Bevia obtained the loan from Washington Mutual Bank, F.A. and secured the loan with a Deed of Trust. (SAC, Docket No. 54-1, Ex. A.) On December 9, 2008, an Assignment of Deed of Trust was recorded reflecting assignment of the Deed to JPMorgan. (Mot., Docket No. 33 at 2.)

   Bevia currently resides at the subject property. (<u>Id.</u> ¶ 3.) At some point, Bevia experienced financial hardship. (SAC, Docket No. 54 ¶ 25.) On December 9, 2008, a Notice of Default was recorded on the subject property. (Mot., Docket No. 33 at 2.) Notices of Trustee's Sales were recorded on March 13, 2009, and April 21, 2011. (<u>Id.</u>) A Notice of Rescission of Declaration of Default was recorded on July 27, 2011. (<u>Id.</u>) On March 28, 2013, another Notice of Default was recorded. (<u>Id.</u>)

   At some point, Bevia contacted SPS, the loan servicer, and requested assistance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1535 JVS(JDEx) | Date | June 7, 2018 |
| Title | **Carmen Bevia v. Select Portfolio Servicing, Inc., et al.** | | |

(SAC, Docket No. 54 ¶ 25.) On January 15, 2017, Bevia provided a complete financial package to SPS for loan modification application. (Id. ¶ 26.) On February 1, 2017, a Notice of Trustee's Sale was recorded on the subject property. (Id. ¶ 29.) On March 14, 2017, SPS issued a denial letter for Bevia's loan modification application. (Id. ¶ 30.) The letter provided little information as to the exact reasons for the denial. (Id.) Bevia appealed on March 20, 2017. (Id. ¶ 31.) On July 18, 2017, Bevia submitted another loan modification application accompanied by correspondence explaining her material change in financial circumstances. (Id. ¶ 33.)

On August 3, 2017, Bevia filed an action in the Superior Court for the County of Orange. (Compl., Docket No. 1-1.) On September 6, 2017, JPMorgan removed the action to this Court. (Notice of Removal, Docket No. 1.) In the SAC, Bevia asserts claims against SPS for: (1) violations of § 2923.6 of California's Homeowner Bill of Rights ("HBOR"), Cal. Civ. Code § 2923.6; and (2) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. (SAC, Docket No. 54 ¶ 2.) SPS now moves to dismiss the SAC in its entirety. (Mot., Docket No. 55.)

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1535 JVS(JDEx) | Date | June 7, 2018 |
| Title | Carmen Bevia v. Select Portfolio Servicing, Inc., et al. | | |

specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. For purposes of ruling on a Rule 12(b)(6) motion, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

      **B.    Federal Rule of Civil Procedure 9(b)**

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead each element of a fraud claim with particularity, i.e., the plaintiff "must set forth more than the neutral facts necessary to identify the transaction." Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original) (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)). A fraud claim must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Statements of the time, place, and nature of the alleged fraudulent activities are sufficient, but mere conclusory allegations of fraud are not. Id.

### III. DISCUSSION

      **A.    Judicial Notice**

SPS filed a request for judicial notice ("RJN") in support of its motion to dismiss. (RJN, Docket No. 56.) Bevia filed an objection. (Obj., Docket No. 59-1.) SPS replied. (Reply, Docket No. 61.)

Under Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute" if it is "generally known" in the jurisdiction or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 17-1535 JVS(JDEx)                              Date   June 7, 2018

Title   **Carmen Bevia v. Select Portfolio Servicing, Inc., et al.**

    Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cty. of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002). There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688. First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. Id. at 688-89; see Fed. R. Evid. 201(b). Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998-99 (9th Cir. 2011).

    As the Court noted in its orders ruling on SPS's prior motions to dismiss, judicial notice is appropriate for all of the documents in the RJN because they are true and correct copies of official records. (Order, Docket No. 30 at 4; Order, Docket No. 51 at 5.) Accordingly, the Court takes judicial notice of the documents for their existence, but not for the truth of the matters asserted in those documents.

    **B.**    **Motion to Dismiss**

        1.    California Civil Code § 2923.6

    Bevia's first cause of action is for violations of Cal. Civ. Code § 2923.6. (SAC, Docket No. 54 ¶ 2.) Section 2923.6(c) provides:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1535 JVS(JDEx) | Date | June 7, 2018 |
| Title | Carmen Bevia v. Select Portfolio Servicing, Inc., et al. | | |

Cal. Civ. Code § 2923.6(c). Additionally, § 2923.6(g) provides:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification . . . , unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Id. § 2923.6(g). Sections 2923.6(c) and 2923.6(g) were repealed on January 1, 2018. Id. § 2923.6.

SPS argues that the repeal of § 2923.6(c) necessarily terminates Bevia's claim based on Jacobik v. Wells Fargo Bank, N.A., No. 17-cv-05121-LB, 2018 WL 2298640 (N.D. Cal. May 21, 2018) (holding that § 2924.11(b) does not save the repealed § 2923.6(f)(3)). (Mot., Docket No. 55 at 9-11.) However, Jacobik specifically deals with § 2923.6(f)(3), which is about net-present-value evaluation. In contrast, the present case deals with § 2923.6(c), which is about dual tracking prohibitions.

Moreover, "[d]espite the default rule that repeal of a statute terminates all pending claims based on that statute, the legislature can 'save' pending claims . . . [by making] its intent to preserve rights under the former law 'clearly apparent.'" Haynish v. Bank of Am., N.A., No. 17-CV-01011-HRL, 2018 WL 2445516, at *5 (N.D. Cal. May 31, 2018) (citing Bourquez v. Superior Court, 156 Cal. App. 4th 1275, 1284 (2007)). Section 2923.6(c) has been amended and renumbered to § 2924.11(a). Harris v. United States, No. 18cv0001-GPC(AGS), 2018 WL 1410819, at *2 n.2 (S.D. Cal. Mar. 21, 2018). Specifically, § 2924.11(a) provides:

> If a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a mortgage servicer,

Case 8:17-cv-01535-JVS-JDE   Document 63   Filed 06/07/18   Page 6 of 10   Page ID #:1063

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 17-1535 JVS(JDEx)                                    Date   June 7, 2018

Title      **Carmen Bevia v. Select Portfolio Servicing, Inc., et al.**

> trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested foreclosure prevention alternative.

Cal. Civ. Code § 2924.11(a). "Under both [§ 2923.6(c)] and [§ 2924.11(a)], a financial institution may not record a notice of sale or conduct a trustee's sale while a modification application is under review." Haynish, 2018 WL 2445516, at *5. Therefore, the legislature has a clear intent to preserve homeowners' rights under § 2923.6(c) by incorporating these rights into § 2924.11(a). See Travis v. Nationstar Mortg., LLC, No. 16-55388, 2018 WL 2093321, at *1 (9th Cir. May 7, 2018) (holding that even though part of § 2923.6 was repealed, "[the new] § 2924.11 still protects the same rights the Homeowners seek to enforce [in the repealed § 2923.6]").

   Here, Bevia provided a complete financial package to SPS for loan modification application on January 15, 2017. (SAC, Docket No. 54 ¶ 26.) On February 1, 2017, SPS recorded a Notice of Trustee's Sale on the subject property before it issued a denial letter for Bevia's loan modification application. (Id. ¶¶ 29, 30.) Thus, SPS recorded a Notice of Sale while a complete application for loan modification was pending in violation of § 2923.6(c). Accordingly, the Court denies SPS's motion to dismiss on the ground that Bevia fails to plead facts sufficient to support a material violation under § 2923.6(c).[1,2,3]

---

[1] SPS also argues that Bevia's claim under § 2923.6(c) must fail because the HBOR does not mandate a servicer to provide loan modification. (Mot., Docket No. 55 at 14.) However, Bevia does not claim that SPS is mandated to provide a loan modification. Bevia simply claims that SPS violated § 2923.6(c) by recording the Notice of Trustee's Sale.

[2] Bevia submitted a second loan modification application on July 18, 2017. The parties dispute whether Bevia satisfied § 2923.6(g)'s requirement that there be a material change in circumstances documented by Bevia and submitted to SPS. (Mot., Docket No. 55 at 13-14; Opp'n., Docket No. 59 at 5; SAC, Docket No. 54 ¶ 50.) However, the Court need not address this dispute because Bevia has not alleged that any violative act occurred since the second application has been pending. Specifically,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1535 JVS(JDEx) | Date | June 7, 2018 |
| Title | Carmen Bevia v. Select Portfolio Servicing, Inc., et al. | | |

    2.    The UCL

Bevia's second cause of action is for violations of the UCL. (SAC, Docket No. 54 ¶ 2.)

    2.1    Standing

SPS argues that Bevia lacks standing to assert a UCL claim. (Mot., Docket No. 55 at 16.) The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To establish standing under the UCL, the plaintiff must allege (1) "economic injury" (i.e., a loss or deprivation of money or property sufficient to qualify as an injury-in-fact), and (2) the defendant's unfair business practices caused plaintiff's economic injury. Pulaski & Middleman, LLC v. Google, Inc., 802 F.3d 979, 985 n.6 (9th Cir. 2015); Cal. Bus. & Prof. Code § 17204 ("Actions for relief pursuant to this chapter shall be prosecuted exclusively . . . by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."). "Courts have consistently recognized that the threat of foreclosure is sufficient to establish standing under the UCL for injunctive relief." Monet v. JPMorgan Chase Bank, N.A., No. 17-CV-00623-LHK, 2017 WL 3895790, at *6 (N.D. Cal. Sept. 5, 2017) (collecting cases) (internal quotation marks and citation omitted).

Here, Bevia still resides at the property and alleges that she is at risk of

---

Bevia has not alleged that a notice of default or notice of sale was recorded or that a trustee's sale was conducted since she submitted the second loan modification application.

    [3] For the first time at the hearing on the motion, SPS argued that because SPS recorded the Notice of Sale on February 1, 2017, the Notice of Sale expired in February 2018. For this reason, SPS cannot schedule any further sale proceedings without a new Notice of Sale pursuant to Cal. Civ. Code § 2924g(c)(2). Cal. Civ. Code § 2924g(c)(2) ("In the event that the sale proceedings are postponed for a period or periods totaling more than 365 days, the scheduling of any further sale proceedings shall be preceded by giving a new notice of sale in the manner prescribed in Section 2924f."). Therefore, SPS argued that any injunctive relief the Court could grant would be worthless. However, because SPS raised this issue for the first time in the hearing on the motion and failed to raise it in its briefs, the Court declines to consider it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1535 JVS(JDEx) | Date | June 7, 2018 |
| Title | **Carmen Bevia v. Select Portfolio Servicing, Inc., et al.** | | |

losing her home through foreclosure as a direct and proximate result of SPS's conduct. (SAC, Docket No. 54 ¶ 64.) The Court thus finds that Bevia has sufficiently alleged standing under the UCL. Accordingly, the Court denies SPS's motion to dismiss on the ground that Bevia lacks standing to assert a UCL claim.

        2.2.    Fraudulent Prong

A business act is fraudulent within the meaning of § 17200 if "members of the public are likely to be deceived." Comm. on Children's Television v. Gen. Foods Corp., 35 Cal. 3d 197, 211 (1983). Claims brought under the fraudulent prong of the UCL sound in fraud and must satisfy Rule 9(b). Faulk v. Sears, Reobuck & Co., No. C 11-2159 SI, 2011 WL 5521177, at *5 (N.D. Cal. Nov. 14, 2011); Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that where plaintiff alleges unified course of fraudulent conduct and relies entirely on that conduct as the basis of the claim, the claim is grounded in fraud and must satisfy Rule 9(b)).

In the SAC, Bevia alleges the following:

> Defendant SPS engaged in deceptive business practices with respect to mortgage loan servicing, foreclosure of residential properties and related matters by, among other things: instructing Plaintiff to apply for loan modification; accepting and receiving Plaintiff's complete financial packet on January 15, 2017, and agreeing to review it, then refusing to respond to Plaintiff with any information as to the review; recording the Notice of Trustee's Sale on February 1, 2017, despite the fact the Plaintiff's complete loan modification packet was under review which is a violation of Civil Code section 2923.6; issuing a vague denial of the loan modification which did not explain why Plaintiff was denied and called into question if Plaintiff has been fairly reviewed at all; depriving Plaintiff of her right to appeal the denial of loan modification review because the denial was provided long after the Notice of Trustee Sale was prematurely filed; failing to properly acknowledge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 17-1535 JVS(JDEx)  Date  June 7, 2018

Title  **Carmen Bevia v. Select Portfolio Servicing, Inc., et al.**

> the additional submission by Plaintiff showing a material
> change in financial circumstances, among other misdeeds
> as set forth herein which are unsafe and unsound banking
> practices.

(SAC, Docket No. 54 ¶ 60.) Bevia further alleges that SPS charged her "marked up and excess fees" through these unsafe and unsound banking practices. (Id. ¶ 65.) The Court finds Bevia's allegations sufficient to satisfy the heightened pleading requirements of Rule 9(b) to support a claim for fraudulent business practices. Accordingly, the Court denies SPS's motion to dismiss on the ground that Bevia fails to state a claim under the fraudulent prong.

### 2.3. Unlawful Prong

The unlawful prong of the UCL treats violations of other federal, state, regulatory, or court-made law as unlawful business practices independently actionable under state law. Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003) (citation omitted).

Here, as set forth above, Bevia has sufficiently pleaded an HBOR claim under § 2923.6(c), which may serve as the predicate unlawful conduct for her UCL claim. Therefore, the Court denies SPS's motion to dismiss on the ground that Bevia fails to state a claim under the unlawful prong.

### 2.4. Unfair Prong

The legal standard applied to unfair prong of UCL claims is unsettled. Yanting Zhang v. Superior Court, 57 Cal. 4th 364, 380 n.9 (2013) (declining to resolve conflicting lower court opinions). A number of tests have been applied by California courts. Under the public policy test, courts focus on whether the challenged conduct violates a public policy that is tethered to specific constitutional, statutory or regulatory provisions. See Aleksick v. 7-Eleven, Inc., 205 Cal. App. 4th 1176, 1192 (2012). Under the balancing test, courts weigh "the utility of the defendant's conduct against the gravity of the harm to the alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-1535 JVS(JDEx) | Date | June 7, 2018 |
| Title | Carmen Bevia v. Select Portfolio Servicing, Inc., et al. | | |

victim." Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1169 (9th Cir. 2012) (citation omitted).

Here, Bevia has sufficiently pleaded an unfair prong claim under the public policy test. The HBOR "ensure[s] that borrowers who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options." Gonzales v. CitiMortgage, Inc., No. C-14-4059 EMC, 2015 WL 3505533, at *5 (N.D. Cal. June 3, 2015) (citing Cal. Senate Bill No. 900, Ch. 87). Because Bevia has pleaded an HBOR claim under § 2923.6(c), she has adequately alleged a violation of public policy tethered to a specific statutory provision. Therefore, the Court denies SPS's motion to dismiss on the ground that Bevia fails to state a claim under the unfair prong.[4]

In sum, the Court denies SPS's motion to dismiss the UCL claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **denies** SPS's motion to dismiss.

**IT IS SO ORDERED.**

                                                                                    : 00

Initials of Preparer      kjt

---

[4] Bevia alleges that SPS's acts and practices have no utility and do not outweigh the harm to Bevia and all consumers. (SAC, Docket No. 54 ¶ 61.) These allegations are similar to the allegations that the Court previously dismissed as conclusory and lacking in sufficient facts to state a claim plausible on its face. (Order, Docket No. 30 at 13; Order, Docket No. 51 at 9.) Therefore, Bevia's claim alleging unfair business practices fails under the balancing test. However, the Court need not dismiss the unfair prong claim because Bevia has satisfied the public policy test.